**Opinion issued June 25, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-26-00404-CR

_____

**PAUL DELGADO, III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 338th District Court
Harris County, Texas
Trial Court Case No. 1835655

## MEMORANDUM OPINION

Appellant, proceeding pro se, has filed a notice of appeal challenging the order of deferred adjudication signed on January 24, 2024. The trial court signed a certification of defendant's right to appeal indicating that this was a plea-bargain

case with no right to appeal. Appellant filed a notice of appeal on April 10, 2026. We dismiss this appeal for lack of jurisdiction.

An order of deferred adjudication is an appealable order. *See Hargesheimer v.* State, 182 S.W.3d 906, 909 (Tex. Crim. App. 2006). In a criminal case, the notice of appeal is due within thirty days of the date either the judgment of conviction is signed or the date the appealable order was signed. *See* TEX. R. APP. P. 26.2(a)(1). A timely filed notice of appeal is required to vest jurisdiction in the appellate court. *See Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996).

Here, the notice of appeal was filed more than two years after the order of deferred adjudication was signed. Thus, the notice of appeal was not timely filed. Because the notice of appeal was not timely filed in this case, we lack jurisdiction to address the merits of the appeal and can take no action other than to dismiss. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Moreover, appellant has no right to appeal under Rule 25.2(a)(2). The Court of Criminal Appeals has held that, although an order deferring adjudication is appealable, it is subject to the same restrictions on appeal as judgments of conviction and thus, in this case, the appellant also lacked a right to appeal because the deferred adjudication order was the result of a plea bargain with the State. *See Hargesheimer*, 182 S.W.3d at 909. The certification of Delgado's right to appeal indicates that this is a plea-bargain case and he lacks the right to appeal.

We dismiss the appeal for lack of jurisdiction.  *See Slaton*, 981 S.W.2d at 210.

Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Gunn, and Morgan.

Do not publish.  TEX. R. APP. P. 47.2(b).